Isaac C. Jackson *vs.* Mercy B. Jackson & others.

*A testator by his will provided as follows:* " I give and bequeath unto my beloved wife the improvement of my whole estate, so long as she remains my widow, for the maintenance of herself and my children which I now name, [naming eight sons and daughters,] so long as my daughters remain single, and until my sons become twenty-one years of age. And in the event of my wife's death or ceasing to be a widow, I further will and direct " the executors to expend the income of the estate for the support of said children, authorizing them to sell any real or personal estate for that purpose, if the income should prove insufficient; " I also further will and direct that when my youngest child living shall have arrived at the age of twenty-one years my executors shall cause my estate to be equally divided between my children," naming eleven children. By a subsequent clause, he gave to his executors full power to sell and dispose of the whole or any part of his estate, personal or real, in such manner and at such times as they might deem most for the interest of all concerned. *Held,* that the widow was entitled to the income of the whole property during her whole life after the children all became of age as well as before, and that it was the duty of the executors to retain in their own hands securities for moneys and stocks, and pay her the income thereof.

Bill in equity by the executors of the will of Daniel Jackson, praying the instructions of this court as to the execution of their trust. The material portions of the will were as follows :

" I give and bequeath unto my beloved wife, Mercy B. Jackson, the improvement of my whole estate, so long as she remains my widow, for the maintenance of herself and my children, which I now name, [naming eight sons and daughters,] so long as my daughters remain single, and until my sons become twenty-one years of age.

" And in the event of my wife's death or ceasing to be my widow, I further will and direct that the executors I shall hereafter appoint and name are hereby empowered and directed to expend the whole income and profits of my estate for the support and maintenance of my children that I have before named, which are under age, and my daughters that remain single, until the youngest child becomes twenty-one years of age ; in the way and manner my said executors shall deem most beneficial for their interest.

" And I further direct, if the income and profits should be insufficient to support my said children before named, that the

executors are hereby authorized to sell and convey any of my personal or real estate for their support and maintenance, as they shall think most for the interest of the estate.

" I also further will and direct that when my youngest child living shall have arrived at the age of twenty-one years that my executors shall cause my estate to be divided equally between my children, [naming eleven,] or their heirs.

" And I further will and direct that should either of my above named children have deceased, without legal issue, before my estate is divided, that portion or part which would have devised [come?] to them shall be equally divided among the survivors above named.

" I hereby give my said executors hereafter named full power to sell and dispose of the whole or any part of my estate, either personal or real, in any manner they may think most for the interest of said estate, meaning and intending thereby to give to them full and legal power to transfer the same in such manner and at such times as they may deem most for the interest of all concerned."

It appeared that the youngest surviving child has become twenty-one years of age; that all the daughters but one are married; and that the widow remains unmarried; and three of the children claimed of the executors that the estate should now be divided among the children.

The case was reserved by the chief justice for the determination of the whole court.

*A. Jackson,* for the three children. The gift of the income of the testator's estate was for the support of his family, comprising his widow, his daughters while unmarried, and his sons while under age. The maintenance which the unmarried daughters may claim must cease when all the sons become of age. The division of the estate takes place when the youngest child becomes twenty-one years of age. *Hazard* v. *Little,* 9 Allen, 260. If the bequest were of the income to the widow for life, or so long as the daughters remain single, that bequest is controlled by the subsequent direction to divide the estate when the youngest child becomes twenty-one.

*G. S. Hale,* for the widow. The testator, by clear terms, gave to his wife the improvement of the whole estate, so long as she should remain his widow. The subsequent direction to divide the estate is to take effect only in case she should cease to be his widow. This construction reconciles and gives meaning to the whole language of the will, and is just and right in itself. Any other construction would simply impose a burden upon her. She therefore asks that the executors may be instructed that she is entitled to the possession and enjoyment of all the testator's property; certainly all except stocks and money. See 1 Jarman on Wills, 403, 407; 2 Ib. 126; 1 Redfield on Wills, 443, 446; *Raymond* v. *Morse,* 4 Gray, 248; *Covenhoven* v. *Shuler,* 2 Paige, 122; *Ley* v. *Ley,* 2 Man. & Gr. 780; *Doe* v. *Hicks,* 1 Clark & Fin. 20.

CHAPMAN, J. The first clause of the will of Daniel Jackson gives to Mercy B. Jackson, his widow, the improvement of his real and personal estate during her widowhood. The next three clauses relate to the disposition of the estate after the expiration of the term of her widowhood, whether by death or by marriage. The clause which gives the executors full power to sell and dispose of the whole or any part of the estate, either personal or real, has the effect to modify the first clause, because upon the execution of this power the widow can no longer improve the estate. The language authorizes them to execute the power during her widowhood as well as afterwards at their discretion. They are to regard the interests of all the parties concerned.

But in order to retain the power to make such sales, it is necessary for them to retain the stocks in their own hands, and not transfer them to the widow. She is therefore entitled to the dividends, but not to have the stocks transferred to her. A decree is to be entered in conformity with this construction of the will